

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00202-CR

LYNDON ANDERSON, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 11-F-0921-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Lyndon Anderson attempts to appeal his conviction of aggravated robbery. Anderson's sentence was imposed October 11, 2012. His motion for new trial was filed November 14, 2012, and his notice of appeal was filed December 11, 2012. We received the clerk's record February 7, 2013. The issue before us is whether Anderson perfected his appeal. We conclude that he did not and dismiss the appeal for want of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Texas Rule of Appellate Procedure 26.2(a) delineates the time period in which a notice of appeal must be filed by a criminal defendant in order to perfect an appeal. A criminal defendant's notice of appeal is timely if filed "within 30 days after the day sentence is imposed or suspended in open court . . . or within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial." TEX. R. APP. P. 26.2(a). A motion for new trial is timely if filed "before, but not later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4(a).

Anderson's sentence was imposed October 11, 2012, and his motion for new trial was filed November 14, 2012, thirty-four days after the day sentence was imposed. Consequently, the motion for new trial was not timely filed, and the notice of appeal, to be timely, had to be filed within thirty days of the day sentence was imposed. *See* TEX. R. APP. P. 26.2(a). Because Anderson's notice of appeal was not filed until December 11, 2012, sixty-one days after the day

sentence was imposed, he has failed to perfect his appeal. *See id.* Accordingly, we dismiss the appeal for want of jurisdiction.

Jack Carter
Justice

Date Submitted:     March 21, 2013
Date Decided:       March 22, 2013

Do Not Publish